# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOMARCUS PORTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-957** |
| **JASON WILLIAM, ET AL.** | **SECTION: "R"(5)** |

## PARTIAL REPORT AND RECOMMENDATION

On April 15, 2024, *pro se* Plaintiff Tomarcus Porter filed this lawsuit under 42 U.S.C. § 1983 against Jason Williams, Lance Wallance, Beau Bowmen, and Brain Nicholas. (Rec. doc. 1). However, the United States Marshal was unable to effect service on Wallance, Bowmen, and Nicholas. The Court therefore notified Plaintiff of that fact and ordered him to provide the proper addresses at which the three Defendants could be served by October 30, 2024. (Rec. doc. 17). The Court expressly warned Plaintiff that noncompliance with that order or failure to show cause for noncompliance could result in dismissal of the claims against the three Defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (*Id.*). Plaintiff did not respond to that order.

In pertinent part, Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – ***must*** dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

Plaintiff was granted pauper status in this lawsuit. Therefore, he is entitled to have service effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). That fact, however, does

not relieve Plaintiff of all responsibility regarding service. Rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Dismissal is appropriate when service has not been properly effected due to the inaction or dilatoriness of a plaintiff proceeding *in forma pauperis. Id.*

More than 90 days have elapsed since this lawsuit was filed. Despite the passage of that extensive period of time, Plaintiff has not provided this Court or the United States Marshal with the information necessary to effect service on Wallance, Bowmen, or Nicholas. The Court gave Plaintiff notice of the fact that Wallance, Bowmen, and Nicholas were not served, as well as an opportunity to cure that defect. Nevertheless, Plaintiff has not cured the defect by providing the necessary service information, and, as a result, the United States Marshal cannot effect service. Therefore, the failure to serve Wallance, Bowmen, and Nicholas results not from the actions or inactions of the Court or the United States Marshal, but rather solely from the inaction and dilatoriness of Plaintiff.

Despite being given express notice that his claims against Wallance, Bowmen, and Nicholas could be dismissed unless Plaintiff provided the required information or showed good cause for failing to do so, Plaintiff failed to respond to the Court's notice. Accordingly, this Court finds that dismissal of those claims is now appropriate. *See, e.g., Gipson v. Keith*, 678 F. App'x 264, 266 (5th Cir. 2017); *Triplett v. LeBlanc*, 642 F. App'x 457, 459-60 (5th Cir. 2016); *Armant v. Stalder*, 351 F. App'x 958, 959 (5th Cir. 2009); *Pines v. St. Tammany Par. Prison*, Civ. Action No. 09-3113, 2009 WL 3347384 (E.D. La. Oct. 14, 2009). Accordingly,

**IT IS RECOMMENDED** that plaintiff's claims against Lance Wallance, Beau Bowmen, or Brain Nicholas be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m).

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _8th_ day of _November_, 2024.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE