UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOMARCUS PORTER | CIVIL ACTION |
| VERSUS | NO. 24-957 |
| JASON WILLIAMS, ET AL. | SECTION "R" (5) |

## ORDER AND REASONS

Plaintiff Tomarcus Porter, an inmate incarcerated in the David Wade Correctional Center in Homer, Louisiana, and a frequent flier in this Court, filed this *pro se* federal civil action pursuant to 42 U.S.C. § 1983 on April 15, 2024.[1] On April 21, 2025, this Court referred defendant Jason Williams's opposed[2] motion to dismiss,[3] and plaintiff's opposed[4] motion for leave to file a supplemental brief and for declaratory judgment[5] to Magistrate Judge Michael B. North.[6] On June 9, 2025, Magistrate Judge Michael B. North issued a Report and Recommendation ("R&R"), recommending that the Court dismiss plaintiff's claims against Jason Williams, that plaintiff's

---

[1] R. Doc. 1.
[2] R. Doc. 29.
[3] R. Doc. 22.
[4] R. Doc. 37.
[5] R. Doc. 34.
[6] R. Doc. 39.

motion for leave to file supplemental brief and declaratory judgment be denied, and that plaintiff's complaint be dismissed with prejudice.[7]

On July 1, 2025, the Court received a letter from Porter containing his objection to the R&R.[8] The envelope used to transmit Porter's objections bears a US Postage stamp dated June 27, 2025, and a Shreveport Louisiana, postmark dated June 28, 2025.[9] The envelope also contains a handwritten statement noting the date sent as June 22, 2025, one day before the objection deadline.[10] There is no evidence that shows when the letter was first received and processed by the prison mailing system.

Under the "prison mailbox rule," "a *pro se* prisoner's written objections to a magistrate's report and recommendations must be deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court," regardless of when the court itself receives the objections. *Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993), *cited with approval in Walker v. Savers*, 583 F. App'x 474, 475 (5th Cir. 2014). "[T]he burden is on the pro se prisoner to show when his pleading was tendered to

---

[7] R. Doc. 49. The Court previously adopted, R. Doc. 25, Magistrate Judge Michael B. North's R&R recommending that the Court dismiss plaintiff's claims against Lance Wallace, Beau Bowman, and Brian Nicholas, R. Doc. 24.
[8] R. Doc. 51.
[9] R. Doc. 51-2.
[10] *Id.*

prison officials for delivery to the court." *United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019) (citations omitted).

Ordinarily, the Court affords a *pro se* plaintiff the opportunity to provide evidence, such as prison mail logs or affidavits, to prove that he placed his objections to the R&R in the prison mail system in a timely manner. *See id.* at 412; *see also United States v. Craun*, 51 F.3d 1043, 1995 WL 153048, at *1 (5th Cir. 1995) (giving plaintiff thirty days to submit such evidence). Nevertheless, the Court will not require Porter to produce such evidence because it finds that, even if his objections were timely "filed and served," *Thompson*, 993 F.2d at 515, the stated objections provide no meaningful response or objection to the R&R that would alter the judgment of this Court.

Assuming, *arguendo*, that Porter's objection was timely under the prisoner mailbox rule, the Court would apply *de novo* review to the parts of the R&R to which he objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *see also Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983) (holding that *de novo* determination requires "the district court to arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made[, which] is not satisfied by a mere review of the magistrate's report itself"); *United States v. Raddatz*, 447 U.S. 667, 676

3

(1980) (holding that *de novo* determination "permit[s] whatever reliance a district judge, in the exercise of sound judicial discretion, [chooses] to place on a magistrate's proposed findings and recommendations"). Any portion of the R&R to which Porter did not object is reviewed for clear error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

The Court has reviewed Porter's complaint, the record, the applicable law, Magistrate Judge North's R&R, and Porter's objection. Porter's objection provides no meaningful response or objection to Magistrate Judge North's well-reasoned R&R. Porter simply rehashes his complaint, and cites to an RCC Directive and a Rule for the Corrections Employee Manual that he believes provide support for his complaint. Nothing in it addresses Magistrate Judge North's correct determinations that plaintiff is unable to meet the standard for a successful excessive use of force claim, that any attempt by plaintiff to amend the complaint would be futile, and that plaintiff is not entitled to a default judgment.

Porter's objection is thus overruled. For the reasons given in Magistrate Judge North's R&R, the Court GRANTS defendant Jason

4

Williams's motion to dismiss, DENIES plaintiff's motion for leave to file supplemental brief and declaratory judgment, and DISMISSES WITH PREJUDICE plaintiff's complaint.  *Cf. Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (stating there is no requirement that the district court reiterate the findings of the Magistrate Judge).  The Court adopts Magistrate Judge North's R&R as its opinion.

New Orleans, Louisiana, this __16th__ day of July, 2025.

          _____
              SARAH S. VANCE
       UNITED STATES DISTRICT JUDGE